IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CONRADO DEPAZ ARELLANO, #53539-280 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv072<br>Criminal No. 6:17-cr-0060-01 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Conrado Depaz Arellano, an inmate confined at F.C.I. II Butner, brings this Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. #1) pursuant to 28 U.S.C. § 2255. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the reasons stated herein, it is recommended that the motion be denied and the case be dismissed with prejudice.

**Procedural History**

On August 16, 2017, a grand jury sitting in the Eastern District of Texas returned a one-count indictment against Arellano and one codefendant. (6:17-cr-0060-01, Dkt. # 17). Count One charged Arellano with conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 846. *Id.*

On September 20, 2017, the grand jury returned a two-count superseding indictment against Arellano and one codefendant. (6:17-cr-0060-01, Dkt. #38). Count One did not change

1

from the first indictment. *Id*. Count Two charged Arellano with illegal reentry following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). *Id*.

On February 12, 2018, prior to the commencement of trial, Arellano entered an open plea of guilty to Count Two of the superseding indictment. (6:17-cr-0060-01, Dkt. #78). On February 14, 2018, the jury found him guilty of Count One. (6:17-cr-0060-01, Dkt. #82).

The court entered a final judgment of 166-months imprisonment for both Counts One and Two to be served concurrently. (6:17-cr-0060-01, Dkt. #111). Arellano filed a notice of appeal, and on August 10, 2020, the United States Court of Appeals for the Fifth Circuit affirmed his sentence. (6:17-cr-0060-01, Dkt. #116).

Arellano filed the present Section 2255 motion (Dkt. #1) on February 22, 2021. He alleges that he is entitled to relief based on ineffective assistance of counsel. More specifically, he alleges that his attorney was ineffective because his counsel did not tell him that if he accepted the Government's 60-month plea offer, it would preclude "further prosecution and sentencing exposure." (Dkt. #1). The Government's plea offer was a 90-month agreed sentence as counsel for the defendant accurately stated on the record. (6:17-cr-0060-01, Dkt. #129 at 21). Additionally, according to Arellano, his counsel did not inform him of the overwhelming evidence against him or that it was in his best interest to enter a plea of guilty. (Dkt. #1 at 2). The Government filed a response (Dkt. #6) on April 23, 2021. Arellano filed a reply (Dkt. #7) on May 7, 2021.

### Standard of Review

As a preliminary matter, it should be noted that a Section 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a Section 2255 proceeding may not bring a broad-based attack challenging the legality

of the conviction. The range of claims that may be raised in a Section 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of Section 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted [.]" *United States v. Frady*, 456 U.S. 152, 164 (1982).

### Discussion and Analysis

Arellano argues that he is entitled to relief based on ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and the petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered

3

assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in actual prejudice. *Id.* at 687. To satisfy the prejudice prong, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

Conclusory statements by a defendant are not enough to sustain a claim of ineffective assistance of counsel. *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001). Allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58–59 (5th Cir. 1982). Counsel is not ineffective for failing to press a frivolous point. *See, e.g., Sones v. Hargett*, 61 F.3d 410, 420-21 (5th Cir. 1995). A defendant cannot make a case for ineffective assistance of counsel by making conclusory allegations that their counsel failed to file motions, make objections, or to follow the defendant's instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). The defendant must allege what actions his counsel should have taken and how they would have affected the outcome of the case. *Id.*

To meet the prejudice prong of the *Strickland* test relating to a defendant's decision not to accept a plea offer and instead proceed to trial, the defendant must show that (1) but for the ineffective advice of counsel there is a reasonable probability that the defendant would have accepted the plea offer; (2) the prosecution would not have withdrawn it in the light of intervening

circumstances; (3) the court would have accepted its terms; and (4) the conviction or sentence or both, under the terms of the offer's terms would have been less severe than under the judgment and sentence that were, in fact, imposed. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *United States v. Rivas-Lopez,* 678 F.3d 353, 357 (5th Cir. 2012). Any amount of additional jail time is significant for the purpose of showing prejudice to the defendant. *United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004). The Court observes that counsel's representation in *Lafler* was deemed deficient after he advised the defendant to reject an offer. *Lafler*, 566 U.S. at 163.

Arellano does not point to any evidence going to the *Lafler* factors. In fact, the record shows that Arellano's counsel advised Arellano to enter a plea and not proceed to trial, yet Arellano refused to enter a guilty plea, choosing to go to trial instead. The record shows that Arellano's counsel stated the following at the final pre-trial hearing:

> Your Honor, just briefly. Given the Supreme Court's fairly recent edict that we put on the record that a Plea Agreement was conveyed to a defendant prior to a situation like this, I would just let the Court know that the final plea offer that was made was in exchange for a plea of guilty to dismiss Count 1 of the Indictment; plead guilty to Count 2, the illegal reentry; and receive a recommended sentence of 90 months. That was conveyed to my client on multiple occasions, both orally and in writing; and he has repeatedly rejected that Plea Agreement.

(6:17-cr-0060-01, Dkt. #129 at 21).

Thereafter, the district court asked Arellano the following regarding the Government's plea offer:

> THE COURT: Mr. Arellano, I want to confirm and make sure that you understand what we're talking about here. Is it correct that the Government made this offer to you and that that was explained to you and interpreted to you that that was the offer that was made that your lawyer just said? Is that correct, sir?
>
> DEFENDANT: Yes, that's correct.

>  THE COURT: All right. And I understand that -- and there is nothing wrong with choosing to reject it. There is nothing wrong with that. But I just want to be sure for the record that you were given the offer, it was explained to you by your lawyer, and you've chosen to assert your right to have a trial by jury. Is that correct?
>
>  DEFENDANT: Yes.

(6:17-cr-0060-01, Dkt. #129 at 23-24).

Additionally, when Arellano entered his plea to Count Two directly before the commencement of his trial, he was informed of the sentences he could face with his plea to Count Two. (6:17-cr-0060-01, Dkt. #131 at 10). The Court further informed Arellano that the sentence he could receive might be different than any prediction by his counsel and, the sentence could be affected if he was convicted of Count One at trial. (*Id*. at 12).

Arellano cannot show prejudice from any alleged failure by his counsel to properly advise him regarding the Government's plea offer regarding Count Two of the superseding indictment. He is on the record stating that he wanted to proceed to trial and ultimately entered a knowing and voluntary plea to Count Two—he alone rejected the Government's offer. He has not overcome the veracity of his own sworn words articulated during his plea hearing. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2007) (Mem) ("A defendant's solemn declarations in open court carry a strong presumption of truth."); *see also United States v. Raich*, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be some independent indicia of the likely merit of petitioner's contentions; mere contradiction of the statements made at the guilty plea will not suffice). He has not satisfied his burden of showing ineffective assistance of counsel. Accordingly, his section 2255 motion should be denied.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a Section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Arellano has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).

In this case, reasonable jurists could not debate the denial of Arellano's Section 2255 motion on substantive grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Arellano is not entitled to a certificate of appealability as to the claims raised.

## Recommendation

It is recommended that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. #1) pursuant to 28 U.S.C. § 2255 be denied, and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE